■ 23RD STREET PROPERTIES, Appellant-Respondent, v NEW YORK MERCHANDISE CO., INC., Respondent-Appellant.—Order, Supreme Court, New York County, entered November 18, 1975, granting summary judgment on the issue of liability and ordering an assessment of damages is unanimously modified, on the law, so as to grant partial summary judgment for the sum of $3,888.88 representing installments of escalation for the months of November and December, 1974, and further modified, in the exercise of discretion, so as to grant defendant's motion for examination before trial, limited however to the issue of the proper calculation under the lease of the amount of the escalation for the months of January through April, 1975, and, as so modified, affirmed, without costs and without disbursements. To the extent that defendant claims that there are issues in this case (other than the amount of the escalation for 1975) which are not foreclosed under the doctrine of collateral estoppel by the judgment in the previous action between the parties covering the period ending October 31, 1974, defendant has failed to produce any evidence to support those issues, and, therefore, plaintiff is entitled to summary judgment. Unspecified possible breach by the landlord of unspecified covenants in the lease is surely a matter which defendant must at least in the first instance plead and prove. (Cf. CPLR 3015, subd [a].) The amount of the escalation installments for 1974 was necessarily determined in the earlier action, and thus there is no need for an assessment to determine the amount for the remaining months of 1974. The order below obviously granted summary judgment in favor of plaintiff on the issue of liability, leaving only the question of the calculation of the amount of the escalation for the assessment of damages; and in affirming we so interpret the order. However, the record does not contain adequate evidence of the amount of the applicable escalation for 1975 under article 40 of the lease (which is dependent upon the realty advisory board labor rate for porters derived from a collective bargaining agreement, or in the absence of such an agreement, the regular hourly wage rate actually paid to porters). But that appears to be the only issue still open for the 1975 months here in question. Accordingly, there must be an assessment of damages limited to that issue. And defendant is entitled to examination before trial also limited to that issue. Settle order on notice including fixing date for examination before trial. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.